**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 11 CR 5 |
| v. | ) |
| | ) Judge Matthew Kennelly |
| ANTONIO COOPER, | ) |
| | ) |
| Defendant. | ) |

**ANTONIO COOPER
SENTENCING MEMORANDUM**

On behalf of the Defendant, ANTONIO COOPER, his attorney Keith J. Scherer respectfully submits this Sentencing Memorandum for the Court's consideration and states as follows:

**I. Introduction**

We submit this memorandum in order to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a) in light of *United States v.Booker*, 125 S. Ct. 738 (2005). In determining the minimally sufficient sentence, we ask the court to consider that Mr. Cooper has an addiction to drugs, and a history of mental health disorders (including Bipolar I); that he confessed to his involvement, provided truthful information, and early in this case agreed to plead guilty; and that the loss amount was relatively low amount of loss, especially in regards to Count Two. Lastly, we ask you to consider Mr. Cooper's personal history as it is reflected on pages 29-30 and in the Mental and Emotional Health section of the PSI.

1

As the Court knows, *Booker* restored district courts' ability to fashion a sentence tailored to the individual circumstances of the case and the Defendant by requiring courts to consider factors other than the sentencing range prescribed by the United States Sentencing Guidelines. Under Section 3553(a), courts are *required* to sentence below the range if such a sentence would be sufficient to achieve the purposes of punishment.

Here, the Defendant respectfully requests that the Court consider several circumstances of this case in fashioning a sentence below the guideline range:

Mr. Cooper had little to no mentoring from his father while growing up. His father has been incarcerated (released recently) and has a drug abuse problem. (PSI pages 29 and 35)

As early as the age of 15, approximately 3 years after his father left the picture, Mr. Cooper developed an addiction to drugs, and for the past 21 years Mr. Cooper has been dealing with substance abuse. It appears as though his criminal conduct has often, perhaps mostly, been related to getting money for drugs.

He has a long history of serious medical issues, including being shot in the stomach, and he has a substantial mental health history. For the past 10 years he has been prescribed a number of medications to deal with his mental health disorders. He has been diagnosed with depression, paranoia, Bipolar I, and other problems. In short, his mental health problems have overlapped all of the conduct related to his criminal history points, and appear to have gotten worse with time.

In spite of not having a good role model, in spite of his addictions and health issues, by all accounts Mr. Cooper is a loving son and father. Even the government would have to agree that Mr. Cooper has been friendly and easy to deal with.

## II. Procedural Background

In accordance with his plea, Mr. Cooper was found guilty of two counts of aiding and abetting a bank robbery. Mr. Cooper now stands before the Court for sentencing.

## III. Post-*Booker* Sentencing Considerations

The Court is aware of the broad ramifications of *United States v. Booker* for this proceeding. The sentencing guideline range is only one of five factors to be considered in determining the sentence. *Booker*, 125 S. Ct. at 764-65. The other four factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentence available; (3) the need to avoid unwarranted sentencing disparity; and (4) the need to provide restitution. *Id.*; 18 U.S.C. § 3553(a)(1), (a)(3), (a)(6)-(7).

In considering the Section 3553(a) factors, the sentencing guidelines are to be given no more or less weight than any other factor. The primary sentencing mandate of Section 3553(a) states that courts must impose the minimally-sufficient sentence to achieve the statutory purposes of punishment—justice, deterrence, incapacitation, and rehabilitation:

> The court shall impose a sentence *sufficient, but not greater than necessary*, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)].

18 U.S.C. § 3553(a) (emphasis added). This so-called "parsimony provision" is not simply a factor to be considered in determining sentence; it represents a cap above which the Court is *statutorily prohibited* from sentencing—even when a greater sentence is recommended by the sentencing guidelines. *See United States v. Denardi*, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).

3

**IV. The Sentencing Factors as Applied to Antonio Cooper**

In Section I above, we listed above a number of important factors that should be taken into consideration when assessing whether a sentence below the recommended range is warranted in this case. While those factors might not be unique to Mr. Cooper, they demonstrate that the odds haven't been in his favor. He has had a hard life, not always by his own choosing, and his future looks bleak in light of his mental health disorders. And to whatever extent it mitigates his conduct over the past 10 years, his mental health issues overlap that period.

**V. The Minimally-Sufficient Sentence in this Case**

Here, it is respectfully submitted that a sentence below the recommended guideline range is sufficient. The court will notice that the recommended guideline range in the PSI is different from the range anticipated by both parties when the deal was entered. That is because of the difference in the criminal history calculations. To some extent, the criminal history score (the score itself, not Ms. Rice) misrepresents the true nature of Mr. Cooper's past conduct. Looking at the history of offenses and not the 2-point bump he gets for participating in the robberies while on supervision: He has points for counterfeiting in 2002, and stealing 19 gallons of gasoline and trying to pass a bad check in 2005. That accounts for 5 of his 8 criminal history points. The remaining 3 points are for an aggravated robbery, which was his only crime involving violence in these computations. We would respectfully suggest that a criminal history category of III (theoretically) would more accurately convey the nature of Mr. Cooper's previous criminal conduct, risk to society, and need for specific deterrence. Therefore, we believe an advisory range of 46-57 months, the range contemplated by the government and Mr.

Cooper when they entered the deal, would be more proper, not by a technical application of the guidelines but in fairness.

## VI. Fine and Restitution

Mr. Cooper has no present ability to pay any financial punishment, not is he likely to be able to pay one in the future.

## VII. Conclusion

For the reasons discussed above, Mr. Cooper respectfully requests that the Court impose a sentence no greater than 46 months.

Respectfully submitted,

s/_____
Keith J. Scherer

The Law Office of Keith J. Scherer, PC
6585 N. Avondale Ave.
Chicago IL 60631
773 774 6741